IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELISHA N. HOLLOWAY | § § | |
| VS. | § § | CIVIL ACTION NO. 4:23-CV-1038-P |
| EQUIFAX, ET AL. | § § | |

### FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING SEVERAL PENDING MOTIONS

Pending before the Court are the following motions: (1) Defendants Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian")'s Joint Motion to Dismiss Plaintiff's Amended Complaint [doc. 45], filed February 16, 2024; (2) Defendant National Credit Systems, Inc. ("NCS")'s Motion to Dismiss Pursuant to Rule 12(b)(6) [doc. 47], filed February 20, 2024; (3) Defendant Equifax Information Services, LLC ("Equifax")'s Motion to Join Trans Union and Experian's Joint Motion to Dismiss [doc. 49], filed February 21, 2024; and (4) Plaintiff's Motion for Preliminary Injunction and Protective Order [doc. 54], filed March 4, 2024. As an initial matter, the Court **FINDS** and **CONCLUDES** that Defendant Equifax's Motion to Join Defendants Trans Union and Experian's Joint Motion to Dismiss [doc. 49] should be **GRANTED**. Thus, the Court will consider the arguments made in Trans Union and Experian's Joint Motion to Dismiss Plaintiff's Amended Complaint [doc. 45] as also made on behalf of Equifax.

### I.   BACKGROUND

On February 4, 2024, *pro se* Plaintiff Elisha N. Holloway filed an Amended Complaint [doc. 34] in which she asserted claims against Defendants for "violations of the Fair Credit Reporting Act (FCRA) and the Gramm-Leach-Bliley Act (GLBA)." In the section of her

1

Amended Complaint titled "Factual Allegations," Plaintiff alleges the following:

> 5. Since May 2022, I discovered inaccuracies on credit reports obtained from Equifax, TransUnion, and Experian, primarily caused by National Credit Systems (NCS).
>
> 6. I disputed the inaccuracies directly with the credit reporting agencies, and NCS removed the items from reports.  However, Equifax, TransUnion, and Experian continued to report and did not rectify the inaccuracies.
>
> 7. Despite dispute efforts, inaccuracies persist, constituting violations of FCRA.

(Pl.'s Am. Compl. at 2 (mistakes in original); *see also* Pl.'s Am. Compl. at 5-6.)   In the body of her Amended Complaint, Plaintiff alleges claims against Defendants for violations of sections 1681e(b), 1681i(a), and 1681g(a)(2) of the FCRA and against Defendant Equifax for violations "of the GLBA's Safeguards Rule."   (*Id*. at 2.)

## II.   LEGAL ANALYSIS

In their joint motion to dismiss, Defendants Trans Union, Experian, and Equifax, all credit reporting agencies (hereinafter referred to as "the CRA Defendants"), argue that Plaintiff's Amended Complaint should be dismissed because it "does not identify with specificity what if anything," the CRA Defendants "have done wrong."   (Defendants Equifax, Trans Union, and Experian's Joint Motion to Dismiss ("Jt. Mot.") at 2.)   The CRA Defendants claim that the specific details regarding how Plaintiff's "National Credit systems account (the 'Disputed Account')" "is allegedly inaccurate are still wholly absent in Plaintiff's Amended Complaint." (*Id*.)   Specifically, the CRA Defendants state:

> Plaintiff's Amended Complaint fails to cure the deficiencies in her first Complaint and still lacks any factual allegations to support her FCRA claims beyond vague, conclusory statements.   To the extent Plaintiff intended to sue CRA Defendants for reporting inaccurate information in her credit report, her Amended Complaint must be dismissed, as she does not describe any information, much less

2

>how it was inaccurate. Similarly, to the extent Plaintiff sought to assert a claim against CRA Defendants for an unreasonable reinvestigation, the Amended Complaint fails because it does not allege any facts whatsoever in support of this claim, beyond Plaintiff's perceived grievances with the alleged results of CRA Defendants' reinvestigation. Finally, to the extent Plaintiff sought to assert a claim against CRA Defendants for failure to disclose the source of information, the Amended Complaint fails because it also does not allege any facts whatsoever in support of such a claim.

(Jt. Mot. at 3.)

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This Rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *See Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

As to Trans Union, Experian, and Equifax's Joint Motion to Dismiss [doc. 45], the Court **FINDS** and **CONCLUDES** that it should be **GRANTED** for the reasons stated in the motion and reply. Specifically, the Court notes that, to prevail on either a 15 U.S.C. § 1681e(b) ("reasonable procedures") or a 15 U.S.C. § 1681i ("reasonable investigation") claim under the FCRA, a plaintiff

must first demonstrate an inaccuracy in the CRA Defendants' reporting.[1]  In this case, Plaintiff has alleged in her Amended Complaint that she discovered inaccuracies on her credit reports and promptly notified the CRA Defendants of such inaccuracies.  However, Plaintiff has wholly failed to allege with specificity any non-conclusory facts regarding exactly what information each CRA Defendant reported, much less how it was inaccurate, or how such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable investigation.  Thus, the Court **FINDS** and **CONCLUDES** that Plaintiff's claims under sections 1681e(b) and 1681i the FCRA against the CRA Defendants should be **DISMISSED** for failure to state a claim.

As to Plaintiff's claims against the CRA Defendants under Section 1681g(a)(2) of the FCRA, this section states, *inter alia*, that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer the sources of the information in the consumer's file at the time of the request.  However, once again, Plaintiff's Amended Complaint is completely devoid of any facts or non-conclusory allegations in support of her claim. Consequently, the Court **FINDS** and **CONCLUDES** that Plaintiff's claims under Section 1681g(a)(2) of the FCRA should be **DISMISSED** for failure to state a claim.

As to Plaintiff's claim pursuant to the GLBA, it is not entirely clear against which Defendants Plaintiff is asserting this claim.  However, even assuming that Plaintiff is asserting this claim against all Defendants, the GLBA does not authorize a private cause of action.  *See*

---

[1] *See, e.g.*, *Estrada v. Experian Info. Sols., Inc.*, 670 F. Supp. 3d 412, 423 (W.D. Tex. Apr. 26, 2013) ("[A]s Plaintiff has failed to show a factual inaccuracy on his credit report, he has likewise failed to show he is entitled to relief under Section 1681e(b) or 1681i of the FCRA."); *Drummond v. Equifax Info. Svcs., LLC*, No. 5:20-CV-1362-DAE, 2021 WL 8055631, at *4 (W.D. Tex. July 14, 2021) (granting CRA Defendants' motions to dismiss on Plaintiff's claims under FCRA sections 1681e(b) and 1681i when such claims are supported only by conclusory allegations); *Walters v. Certegy Check Svcs., Inc.*, A-17-CV-1100-SS, 2018 WL 1278212, at *4 (W.D. Tex. Mar. 12, 2018) (granting motion to dismiss Plaintiff's claims under Sections 1681e(b) and 1681i of the FCRA where Plaintiff did not allege any inaccuracy and did not provide any evidence that Defendant's file contained any errors).

*Thymes v. Gillman Cos.*, No. H-17-2834, 2018 WL 1281852, at *1 (S.D. Tex. Mar. 9, 2018) ("Neither the GLBA nor the [Federal Trade Commission] Safeguards Rule authorizes a private cause of action."); *Hall v. Phenix Investigations, Inc.*, No. 3:14-CV-0665-D, 2014 WL 5697856, at *9 (N.D. Tex. Nov. 5, 2014) ("The court holds that GLBA does not provide [a] private right of action."). Consequently, the Court **FINDS** and **CONCLUDES** that this claim should also be **DISMISSED**.

As to Defendant NCS's Motion to Dismiss Pursuant to Rule 12(b)(6) [doc. 47], the Court **FINDS** and **CONCLUDES** that it also should be **GRANTED**. Even assuming without deciding that Plaintiff could bring claims against NCS under the above-specified sections of the FCRA, Plaintiff has again failed to set forth any facts or non-conclusory allegations against NCS in support of her claims.

The Court notes that, while the Court generally cannot dismiss a *pro-se* complaint for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend, such requirement generally applies only if the plaintiff has not clearly alleged her "best case." *See Dark v. Potter*, 293 F. App'x 254, 256-57 (5th Cir. 2008). "While a precise definition of a plaintiff's 'best case' is elusive, this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint." *Id.* at 257. In this case, Plaintiff has already filed an Amended Complaint in this case after Defendant's raised similar arguments regarding the insufficiency of her Original Complaint. Thus, the Court finds that Plaintiff has pled her best case.

As to Plaintiff's Motion for Preliminary Injunction and Motion for Protective Order, the Court **FINDS** and **CONCLUDES** that it should be **DENIED** as the undersigned is recommending

that Plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## RECOMMENDATION

Based on the foregoing, it is recommended that: (1) Defendant Equifax's Motion to Join Trans Union and Experian's Joint Motion to Dismiss [doc. 49] be **GRANTED**; (2) Defendants Trans Union and Experian's Joint Motion to Dismiss Plaintiff's Amended Complaint [doc. 45] be **GRANTED**; (3) Defendant NCS's Motion to Dismiss Pursuant to Rule 12(b)(6) [doc. 47] be **GRANTED**; (4) all claims against Defendants be **DISMISSED WITH PREJUDICE**; and (5) Plaintiff's Motion for Preliminary Injunction and Motion for Protective Order [doc. 54] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §

636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 8, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 25, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv