UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ELISHA HOLLOWAY,**

   Plaintiff,

v.                          No. 4:23-cv-01038-P

**EQUIFAX, ET AL.,**

   Defendants.

### ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On March 25, 2024, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. *See* ECF No. 58. The FCR recommends that the Court dismiss Plaintiff Elisha Holloway's claims against all Defendants in this lawsuit with prejudice. *Id.* at 6. Holloway objected to the FCR (ECF No. 59), so the Court conducted a *de novo* review. *See* FED. R. CIV. P. 72(b)(3). Having done so, the Court **ADOPTS** the FCR's conclusions, **ACCEPTS** the FCR's recommendation, and **DISMISSES** this action **with prejudice**.

### BACKGROUND

Appearing *pro se*, Elisha Holloway sues several Defendants for "violations of the Fair Credit Reporting Act (FCRA) and the Gramm-Leach-Biley Act (GLBA)." While the respective Defendants have different ties to Holloway, the Amended Complaint loosely alleges causes of action against: (1) TransUnion, LLC; (2) Experian Information Solutions, Inc.; (3) National Credit Systems, Inc.; and (4) Equifax Information Services, LLC. As alleged in her Amended Complaint, Holloway discovered certain inaccuracies on credit reports obtained via Defendants Equifax, TransUnion, and Experian. When she told them the relevant entries were allegedly incorrect, those Defendants did not "rectify the inaccuracies." The pleadings are unclear about what happened next, but a back-and-forth ensued between Holloway and

those Defendants, yet the contested information was never removed from Holloway's credit report.

Holloway sued Defendants in federal court last October, alleging violations of FCRA Sections 1681e(b), 1681i(a), and 1681g(a)(2), as well as violations of "the GLBA's Safeguards Rule." As noted, she sues the above credit report agencies, along with Defendant National Credit Systems, who "primarily caused" the incorrect report entries. She filed her Amended Complaint on February 4, 2024. Thereafter, all Defendants moved to dismiss Holloway's lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6), bringing us here.

## LEGAL STANDARD

Plaintiffs need not furnish meticulously detailed assertions, so long as their operative complaint has a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If it doesn't, defendants may move to dismiss the Complaint under Federal Rule 12. *See* FED. R. CIV. P. 12(b)(6). A viable claim need not be probable, so long as the facts alleged are plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As long as they allege a plausible claim, a complaint's factual allegations should usually be accepted as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The standard is even more generous for *pro se* plaintiffs like Holloway, whose pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

But generous interpretations aside, the Court will not assume the truth of "conclusory" allegations that merely recite the elements of a cause of action. *Twombly*, 550 U.S. at 555. Indeed, a litigant's *pro se* status is aegis for the Court's standard plausibility analysis. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Thus, whether *pro se* or not, plaintiffs risk dismissal under Rule 12(b)(6) if their allegations are conclusory, *see Twombly*, 550 U.S. at 555, or otherwise "lack[] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In such circumstances, the Court's liberal construction of the Complaint cannot override the allegations' legal implausibility.

*See Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.3d 1045, 1050 (5th Cir. 1982).

## ANALYSIS OF FCR & OBJECTIONS

As a starting point, the Court notes the FCR rightly applied arguments from TransUnion, Experian, and National Credit's Motions to Dismiss (ECF Nos. 45, 47) to Equifax. *See* ECF No. 58 at 1 (granting Equifax's motion to join TransUnion's and Experian's motion to dismiss). Given the factual and legal overlap between Holloway's claims against each, it was appropriate to grant Equifax's motion and apply the same arguments to Holloway's claims against Equifax as are applied to her claims against TransUnion and Experian. Proceeding to the dismissal arguments themselves, the Magistrate Judge applied correct legal frameworks in recommending dismissal of Holloway's case.

TransUnion and Experian argue Holloway's Amended Complaint "does not identify with specificity what, if anything" those Defendants "have done wrong." ECF No. 45 at 2. They're right, as the FCR observes. *See* ECF No. 58 at 2–3. While Holloway's pleadings are entitled to interpretive leniency, *see Erickson*, 551 U.S. at 94, no amount of liberal construction can save the Amended Complaint here. *See* ECF No. 34. The Court fully adopts the FCR's claim-by-claim analysis of Holloway's Amended Complaint, which fails to allege a legally cognizable claim against Defendants arising from the allegedly incorrect credit reports. *See* ECF No. 58 at 2–4.

At base, while Holloway may be dissatisfied with the inclusion of certain information on her credit report, she does not plead anything close to the necessary elements required for the claims asserted. *See* ECF No. 58 at 2–4. The two most obvious examples are: (1) she never furnishes probative allegations that the contested credit entries were wrong, and (2) she never articulates why those entries should have been excluded from her credit report. *See id.* Without more on both elements, Holloway cannot plead a cognizable claim for relief under the FCRA or the GLBA. *See id.* Without reciting the FCR's meticulous analysis of each claim, the Court notes that the FCR is correct in finding the

"Amended Complaint is completely devoid of any facts or non-conclusory allegations in support of [Holloway's] claim." *Id.* at 4.

The Court carefully analyzed Holloway's objections to the FCR, *see* ECF No. 59, though the objections were quickly muddied by subsequent he said/she said briefing regarding the Magistrate Judge's recommendation. *See, e.g.*, ECF Nos. 59–62. From what the Court could distill, Holloway forwards the following plausible objections:

- The FCR wrongly recommends dismissal because the "amended complaint adequately details the inaccuracies reported by the defendants and my efforts to address them." ECF No. 59 at 1.
- The FCR wrongly recommends dismissal vis-à-vis National Credit because "further discovery could uncover [National Credit's] involvement in the reported inaccuracies. *Id.*

Holloway also forwarded two objections the Court does not consider herein. *First*, she objected to the Magistrate Judge's granting of Equifax's Motion to Join TransUnion's and Experian's Motion to Dismiss. *See id.* Because she does not identify any reason why that Motion should have been denied and the factual overlap justifies Equifax's request, the Court determines this objection does not warrant further analysis. *Second*, she objects to the recommendation that her request for injunctive relief be denied because of the overarching recommendation of dismissal. *See id.* Because the Court fully adopts the FCR's recommendation that this case be dismissed, this objection similarly fails to warrant independent analysis.

The Court **OVERRULES** Holloway's objection that the Amended Complaint does in fact allege a viable claim. The objection merely states that assertion as a given but does not articulate where the FCR was incorrect. While Holloway may disagree with the FCR's conclusions, to state "a claim under the FCRA, a plaintiff must first demonstrate an inaccuracy in the [relevant] Defendants' reporting." ECF No. 58 at 4. And that critical fact cannot rest on conclusory allegations of inaccuracy. *See Erickson*, 551 U.S. at 94.

4

Likewise, the Court **OVERRULES** Holloway's objection that dismissal is improper for National Credit because "additional discovery" could reveal the basis for a plausible claim against that Defendant. While discovery can add teeth to a Complaint's allegations, plaintiffs may not allege causes of action and then conduct fishing expeditions in discovery—*after* filing a lawsuit—to manufacture a viable claim. In any event, "Plaintiff's Response simply reiterates her subjective belief and disagreement with Defendants' reporting and reinvestigation, but still never describes what exactly is inaccurate or why National Credit [] reporting should not appear on her credit file." ECF No. 60 at 5.

Having found nothing within Holloway's objections that suggest the FCR was wrong on the facts or the law, the Court turns finally to a prejudice determination. "Generally, a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But dismissal with prejudice may nonetheless be warranted where "the plaintiff has alleged [her] best case." *Id.* Here, both are true: plaintiff has alleged her best case *and* she has already been afforded an opportunity to amend the complaint. *See* ECF No. 34. Thus, the Court agrees with the FCR that this action should be dismissed with prejudice.

## CONCLUSION

For the above reasons, the Court fully adopts the recommendations in the Magistrate Judge's FCR. ECF No. 58. Accordingly, the Court **ORDERS** that this civil action be **DISMISSED with prejudice**.

**SO ORDERED** on this **29th day** of **May 2024.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE